```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CRECENSIO VILLEGAS,

                        Plaintiff,           **FINDINGS OF FACT AND**
         - v -                                **CONCLUSIONS OF LAW**

MONICA RESTAURANT CORP., dba                 CV-12-4131 (VVP)
GEORGE'S RESTAURANT, and MAKHAN
SINGH,
                        Defendants.
------------------------------------------------------------x
```

The plaintiff brought this action seeking damages under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219, and various provisions of the New York Labor Law (the "NYLL") for the defendants' failure to pay him proper wages. For reasons stated on the record of proceedings held on August 5, 2013, including the failure of the defendants to appear for trial on that date, their answer was stricken and a default was entered against them. At a hearing on August 5, the plaintiff offered testimony and other evidence concerning damages. On the basis of the well-pleaded allegations of the complaint, the testimony at the hearing, and all other proceedings in this action, the court makes the following findings and conclusions concerning liability and damages.

I.    LIABILITY

By "ancient common law axiom," the defendants' default constitutes an admission of all well-pleaded allegations made by the plaintiff in his complaint with respect to liability. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011), *quoting Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *accord, e.g., Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*,

113 S. Ct. 1049 (1993). Thus, the court is required to accept the plaintiff's allegations in the amended complaint as true and draw all reasonable inferences in his favor. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). The court must nevertheless examine the allegations to determine whether they establish the plaintiff's claims and the defendants' liability. *See, e.g., Mickalis Pawn Shop*, 645 F.3d at 137, *citing Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981), and *Finkel*, 577 F.3d at 84. The well-pleaded allegations in the amended complaint do both.

According to the complaint, the plaintiff commenced employment at George's Restaurant, a restaurant on Coney Island Avenue in Brooklyn, in September of 2008, and worked there until June of 2012. See Amended Complaint, ¶¶ 15-16.[1] He worked as a dishwasher, kitchen helper and delivery person. *Id.* ¶ 8. He typically worked six days a week and his work shift was 12 hours per day. *Id.* ¶ 17. He was paid a flat salary, in cash, of $300 per week toward the end of his employment. *Id.* ¶ 18. At that rate of pay, his hourly wage amounted to but $4.16 for his 72-hour work week, well below the minimum wage. *Id.* He was never paid any premium for overtime hours, and he was never paid a premium for "spread of hours" as required by New York law. *Id.* ¶¶ 18, 22. The defendants' failure to pay the proper minimum, overtime, and "spread of hours" wages was done knowingly and wilfully. *Id.* ¶¶ 20-22.

---

[1]The amended complaint is found at docket entry 9. Although the plaintiff also avers in paragraph 8 of the amended complaint that he was employed at the restaurant from about September 2009 through June 16, 2012, his testimony under oath at the proceedings on August 5, 2012 clarified that he started in September of 2008, not 2009.

At all times when the plaintiff was employed by the defendants, the restaurant enjoyed gross revenues in excess of $500,000 per year, and was engaged in interstate commerce or the production of goods for commerce within the meaning of the FLSA. *Id.* ¶ 28. The defendant Makhan Singh is the owner of George's Restaurant, as he owns all of the stock of the restaurant. Moreover he manages the operation and he makes all business decisions, including decisions concerning the wages and hours of the restaurant's employees. *Id.* ¶ 24. These allegations are sufficient to establish that the defendants are subject to the FLSA, *see* 29 U.S.C. § 203(s)(1), as well as the defendant Singh's individual exposure to liability as an employer under both the FLSA and the NYLL, *see, e.g.,* 29 U.S.C. § 203(d) (defining "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee"); N.Y. Lab. Law §§ 2(6), 651(6), 190(3); *Herman v. RSR Sec. Svcs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *see also Falk v. Brennan*, 414 U.S. 190, 195 (1973).

The above allegations also establish the defendants' liability for failing to pay proper wages to the plaintiff. Under the FLSA the minimum hourly wage that the plaintiff should have received was $6.55 from September 2008 (when he started) to July 2009, and it went up to $7.25 thereafter. 29 U.S.C. § 206(a). Similarly, under the NYLL, the plaintiff should have received a minimum hourly wage of $7.15 from September 2008 to July 2009, and a raise to $7.25 per hour thereafter. N.Y. Labor Law § 652(1).[2] As the defendants paid him the

---

[2] Under the FLSA, the minimum wage increased in annual steps pegged to the 60th day after May 25, 2007, i.e., July 24, 2007. Thus, the federal minimum wage went from $6.55 per hour to $7.25 on July 24, 2009. Because the minimum wage under the NYLL is the greater of $7.15 per hour or the federal minimum wage, it too went up to $7.25 per hour on July 24, 2009.

equivalent of only $4.16 per hour, they were obviously in violation of both statutes. Moreover, under both the FLSA and the NYLL, the defendants were supposed to pay the plaintiff at one-and-one-half times the minimum wage, which they never did. 29 U.S.C. § 207(a)(2)(C); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 (2013). Finally, because the plaintiff worked more than 10 hours per day, he was entitled to receive an additional one-hour's pay at the minimum wage rate, commonly known as "spread of hours" pay, which the defendants never provided. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a).

## II. DAMAGES

For their violations of the FLSA and the NYLL, the defendants are liable to the plaintiff for all unpaid minimum, overtime, and "spread of hour" wages that the above statutes and regulations prescribe. 29 U.S.C. § 216(b); N.Y. Labor Law § 198(1-a). In addition, both the FLSA and the NYLL provide for liquidated damages in appropriate circumstances, 29 U.S.C. § 216(b); N.Y. Labor Law § 198(1-a), and the NYLL permits the recovery of prejudgment interest, *see, e.g., Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999). In determining damages, however, the court may not rely on the well-pleaded allegations in the complaint. *See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Rather, the court must make a determination of damages based on evidence adduced at a hearing or through submission of affidavits and other documentary evidence. *E.g., Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing *Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989)).

At the hearing on August 5, 2013, the plaintiff provided testimony under oath that established the following facts relating to damages. He commenced work at George's Restaurant some time in September 2008 and worked there continuously thereafter until June 16, 2012. He worked six days a week, Saturday being his only day off. The restaurant was open 24 hours per day, and his shift stretched from 6:00 p.m. to 6:00 a.m. During that time, he was on call the entire time, such that he had no specified breaks; rather, he did whatever had to be done as the need arose. His starting salary in September 2008 was $280 per week, and it remained at that level until January 2011 when it rose to $300 per week. He received no extra pay for any reason during that entire period. His only time off during the time he worked at George's Restaurant occurred in August of 2011 when he was unable to work because of injuries suffered in a fall from his bicycle, caused by a mugging while he was on his way to make a delivery.

As to minimum and overtime wages, there appears to be uniform agreement in the caselaw that plaintiffs may not obtain duplicative recovery under both statutes, and that they therefore must elect which of the two statutes they wish to apply in calculating their damages. *See, e.g., Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 91 (E.D.N.Y. 2012); *Rodriguez v. Queens Convenience Deli Corp.*, No. 09-CV-1089, 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011) ("plaintiff may recover under the statute which provides the greatest amount of damages"); *Jiao v. Shi Ya Chen*, No. 03 CIV. 0165, 2007 WL 4944767, at *17 (S.D.N.Y. Mar. 30, 2007). As to liquidated damages, however, there is a split of authority in this Circuit as to whether a plaintiff may obtain cumulative recovery under both statutes. *See Gunawan*, 897 F.

Supp. 2d at 91 (*comparing Greathouse v. JHS Sec., Inc.*, No. 11 Civ. 7845, 2012 WL 3871523, at *7 (S.D.N.Y. Sept. 7, 2012) *with Wicaksono v. XYZ 48 Corp.*, No. 10 Civ. 3635, 2011 WL 2022644, at *4 (S.D.N.Y. May 2, 2011)).  I remain of the view that a cumulative recovery of liquidated damages under both statutes is unwarranted.  *See, e.g., Ramirez v. H.J.S. Car Wash Inc.*, No. CV-11-2664, 2013 WL 1437600, at *7 (E.D.N.Y. Apr. 9, 2013); *Jin v. Pac. Buffet House, Inc.*, No. CV-06-579, 2009 WL 2601995, at *9 (E.D.N.Y. Aug. 24, 2009).  Recent amendments to the NYLL, which eliminate the need to show willfulness and which provide plaintiffs with identical liquidated damages as the FLSA, fortify that conclusion.  *See* N.Y. Labor Law § 198(1-a), *as amended by* 2009 N.Y. Sess. Law, Ch. 372, § 1 (McKinney) and 2010 N.Y. Sess. Laws, Ch. 564, § 7 (McKinney).

The calculation of damages also depends in part on the statutes of limitation applicable to the two statutes in question.  Under the FLSA, the statute of limitations applicable to claims for unpaid wages is two years, but is extended to three years if the violation is willful.  29 U.S.C. § 255(a).  Accordingly, as the plaintiff has adequately pleaded willfulness, the plaintiff may obtain recovery under the FLSA for damages that accrued during the three-year period prior to August 17, 2012, the date he filed this action.  In contrast, the statute of limitations for claims brought under the NYLL is six years, N.Y. Lab. Law § 663(3), and the plaintiff may therefore obtain recovery for damages that accrued during his entire employment with the defendants since that all fell within the six-year period prior to August 17, 2012.

In assessing damages, then, the court will award recovery under the NYLL for that period of time when it provides the sole basis for recovery, i.e., the period between September 2008 and August 17, 2009. For the period from August 17, 2009 to the termination of the plaintiff's employment in June 2012, the court will award damages under the statute that provides the greatest amount of recovery depending on the category of damages under consideration.[3]

### A. SEPTEMBER 2008 TO AUGUST 17, 2009

As noted earlier, the minimum wage under the NYLL was $7.15 per hour during the period from September 2008 to July 24, 2009. Thus, the plaintiff was entitled to receive a minimum of $286 for the first 40 hours of work each week. For each hour over 40 hours, he was entitled to receive $10.73, which is one and one-half times the minimum wage. Since the plaintiff worked a total of 72 hours per week, he worked 32 hours of overtime each week for which he was entitled to receive a total of $343.36. Finally, because he worked more than 10 hours on each of his six work days, he was entitled to "spread of hours" pay, i.e., an additional hour of pay at minimum wage for each day, a total of $42.90. Adding the above three wage components together, the plaintiff's total weekly pay during that period should have been $672.26. As he was only paid $280 per week, he is entitled to the difference, which comes to $392.26 per week. Although the plaintiff remembered that he started working at George's Restaurant in September of 2008, he did not remember the specific date. Picking the midpoint of September 15 as his start date, the plaintiff worked a total of

---

[3]There is no question of duplicative recovery with respect to "spread of hours" wages because that item of wages is only available under New York law.

45 weeks between that date and July 24, 2009. The plaintiff is thus entitled to an award of damages for that period of time of $392.26 per week for 45 weeks, a total of $17,651.70.

As the minimum hourly wage went up to $7.25 on July 24, 2009, the plaintiff was entitled to receive $290 for his first 40 hours of work, $348.16 for his 32 hours of overtime work, and $43.50 for his additional six hours of "spread of hours" pay, which comes to a total of $681.66. As the shortfall between that amount and the $280 per week that he was actually paid comes to $401.66, the plaintiff is entitled to $2,044.98 for the three work weeks between July 24, 2009 and August 17, 2009.

For the entire period between September 2008 and August 17, 2009, then, the plaintiff was underpaid by a total $19,696.68, and he is entitled to damages in that amount for that period. He is also entitled to receive liquidated damages equal to 25% of that total, which comes to $4,924.17.[4] Finally, the plaintiff is entitled to prejudgment interest at 9% per annum on the unpaid wages running from an appropriate midpoint during the above period.[5] From the midpoint of March 2, 2009 to August 7, 2013, the total interest on the above

---

[4] Prior to amendments that became effective on April 9, 2011, section 198(1-a) of the New York Labor Law § 198(1-a) provided for liquidated damages equal to 25% of unpaid wages.

[5] Section 5004 of the New York Civil Practice Law Rules provides the statutory annual interest rate of nine percent. As the plaintiff's damages were incurred each week when he was underpaid, the court has the discretion under New York law to select a single reasonable intermediate date as the accrual date for purposes of calculating the interest. N.Y. C.P.L.R. § 5001(b); *see, e.g., Gunawam*, 897 F. Supp. 2d at 93 (citing *Koylum, Inc. v. Peksen Realty Corp.*, 357 F. Supp. 2d 593, 596-97 (E.D.N.Y.), *aff'd in part, vacated in part on other grounds sub nom. Koylum, Inc. v. 1677 Ridge Rd. Realty Corp.*, 160 F. App'x 91 (2d Cir. 2005)). The period from September 15, 2008 to August 17, 2009 encompasses a total of 336 days, and the midpoint thus occurs at day 168, which is March 2, 2009.

underpayment comes to $7,858.17, and accrues thereafter at the rate of $4.86 per day to the date of judgment.

    **B.    AUGUST 17, 2009 TO JUNE 16, 2012**

From August 17, 2009 to the present, both the FLSA and the NYLL have provided the same minimum wage of $7.25. Thus, the recovery for unpaid minimum and overtime wages since August 17, 2009 is the same under both statutes. Until April 9, 2011, however, liquidated damages under the NYLL was limited to 25% of a plaintiff's unpaid wages, whereas the FLSA provided liquidated damages equal to 100% of unpaid wages. *See, e.g., Gunawan*, 897 F. Supp. 2d at 91. On the other hand, the FLSA does not provide recovery for prejudgment interest whereas the NYLL does. *See id.*, 897 F. Supp. 2d at 92-93. Comparing the recoveries that each statute affords for the period from August 17, 2009 to April 9, 2011, recovery under the FLSA, including unpaid wages and 100% liquidated damages, exceeds the plaintiff's recovery of unpaid wages, 25% liquidated damages, and prejudgment interest under the NYLL. Effective April 9, 2011, however, the NYLL increased the liquidated damages award to 100% of unpaid wages, while retaining recovery for prejudgment interest, and therefore the NYLL affords the greater recovery for the plaintiff with respect to unpaid minimum and overtime wages from and after April 9, 2011. Accordingly, for the period from August 17, 2009 to April 9, 2011, the court will apply the FLSA in calculating damages for unpaid minimum and overtime wages, but will apply the NYLL for the period from April 9, 2011 until the plaintiff ceased employment with the defendants. This election of remedies

does not affect calculations concerning "spread of hours" pay, as that item of damages is available only under the NYLL.

   **1.**  *August 17, 2009 to April 9, 2011*

During the 86-week period from August 17, 2009 to April 9, 2011, at a minimum wage of $7.25 per hour, the plaintiff should have been paid a total of $638.16 per week for his regular and overtime wages. For the first 72 weeks of that period he was paid $280 per week, and was therefore underpaid by $358.16 per week, which totals $25,787.52 in unpaid wages for those weeks. For the remaining 14 weeks of that period, he was paid $300 per week, and was therefore underpaid by $338.16 per week, totaling $4,734.24 in unpaid wages for those weeks. Adding those sums together, the unpaid wages for which he is entitled to recovery under the FLSA totals $30,521.76. In addition, he is entitled to an equal amount for liquidated damages, bringing his total recovery under the FLSA for the period from August 17, 2009 to April 9, 2011 to $61,043.52.

During the same 86-week period, the plaintiff was entitled to receive "spread of hours" pay under the NYLL equal to 6 hours per week at the minimum wage of $7.25 per hour, which comes to $3,741 for the entire period. Liquidated damages at 25% adds $935.25 to his recovery under the NYLL. Finally, prejudgment interest on the unpaid "spread of hours" pay, accruing at 9% from the midpoint of the period, June 13, 2010,[6] to August 7, 2013, comes to $553.46, and accrues at the rate of $0.92 per day to the date of judgment.

---

   [6]The period from August 17, 2009 to April 9, 2011 encompasses 600 days. Day 300 of the period is thus the midpoint, which falls on June 13, 2010.

### 2. *April 9, 2011 to June 16, 2012*

As noted above, for the period from April 9, 2011 to June 16, 2012, the plaintiff's damages will be awarded under the NYLL as that affords the greater recovery. During that period the plaintiff was entitled to a total of $681.66 in wages per week, consisting of $290 for the first 40 hours of work, $348.16 for the 32 hours of overtime work, and $43.50 for "spread of hours" pay. During the same period he received a salary of $300 per week, leaving a shortfall in wages of $381.66. Although that period encompasses 62 weeks, the plaintiff was unable to work for 4 weeks because of the injuries he suffered in the mugging. Accordingly, for the 58 weeks that he worked, the plaintiff was underpaid by $22,136.28, and he is therefore entitled to recover that amount. In addition, he is entitled to receive a like amount for liquidated damages. Finally, he is entitled to prejudgment interest at 9% accruing from the midpoint of the period, November 27, 2011. Through August 7, 2013, prejudgment interest for unpaid wages during the period comes to $3,373.21 and accrues at the rate of $5.83 per day thereafter to the date of judgment.

## CONCLUSION

For the foregoing reasons the plaintiff has proved that the defendants are liable to him under the FLSA and the NYLL for the following amounts:

| | |
|---|---|
| Unpaid minimum, overtime and "spread of hours" wages | $76,096.72 |
| Liquidated Damages | $58,517.46 |
| Prejudgment Interest (through August 7, 2013) | $11,784.83 |

Prejudgment Interest, per diem to date of judgment                    $11.24

The clerk shall enter judgment accordingly.

                                      **SO ORDERED:**

                                *Viktor V. Pohorelsky*
                                VIKTOR V. POHORELSKY
                                United States Magistrate Judge

Dated:    Brooklyn, New York
             August 8, 2013